IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MARCUS ANTIVIAN NORRIS, 1003691,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:09-CV-966-D |
| ) | |
| **RICK THALER, Director, Texas** ) | |
| **Dept. Of Criminal Justice, Correctional** ) | |
| **Institutions Division,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Institutional Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent is Rick Thaler, Director of TDCJ-CID.

**II. Background**

On September 7, 2000, Petitioner pled guilty to murder and was sentenced to forty-five years confinement. *State of Texas v. Marcus Antivian Norris*, No. F00-46851-W (363rd Dist. Ct., Dallas County, Tex., Sept. 7, 2000). Petitioner did not appeal his conviction.

On June 23, 2008, Petitioner filed a state application for writ of habeas corpus. *Ex parte Norris*, No. 70,731-01. On October 22, 2008, the Court of Criminal Appeals denied the petition

without written order on the findings of the trial court.

On May 19, 2009, Petitioner filed this federal petition for habeas relief. Petitioner argues: (1) he was denied due process and equal protection of the laws because the state court

    failed to inform him that he was waiving the right to file a habeas corpus petition in state and federal court;

(2) he was denied due process and equal protection of the laws because the prosecutor used conflicting theories regarding the principal actor and the accomplice, and the prosecutor knowingly used false evidence; and

(3) he was denied due process and equal protection of the laws because his guilty plea was not voluntary due to the ineffective assistance of counsel.

On August 17, 2009, Respondent filed a preliminary response arguing that the petition is barred by limitations. On September 15, 2009, Petitioner filed a response. The Court now finds the petition should be dismissed as time-barred.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

**(1) Date of Final Judgment**

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1] This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

Petitioner was convicted on September 7, 2000. He did not appeal his conviction. His conviction therefore became final thirty days later on October 9, 2000. *See* Tex. R. App. P. 26.2; *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner's federal petition was due one year later, on

---

[1]The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

October 9, 2001.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On June 23, 2008, Petitioner filed a state habeas petition. This petition was filed after the federal limitations period expired. It therefore did not toll the limitations period.

Petitioner was required to file his federal habeas petition by October 9, 2001. He did not file his petition until May 19, 2009. His petition is therefore untimely.

**(2)    State Court Impediment**

Petitioner argues the state court created an impediment to the timely filing of his petition under 28 U.S.C. § 2244(d)(1)(B). He argues the state court did not advise him that he could file a state or federal habeas petition and did not tell him about the statute of limitations for a federal habeas petition. A state impediment under § 2244(d)(1)(B) is an impediment created by state action that violates the United States Constitution or laws of the United States. A failure of the state court to advise Petitioner regarding collateral review in state and federal court does not violate the Constitution or laws of the United States and does not constitute a state court impediment under § 2244(d)(1)(B).

**B.    Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable

tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner states he did not know he could file a habeas petition in state and federal court and did not know about the one-year federal limitations period.  Ignorance of the law, however, does not support a claim for equitable tolling.  *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000).  Additionally, for equitable tolling to apply, the applicant must diligently pursue habeas corpus relief.  *See Coleman,* 184 F.3d at 402 (5th Cir. 1999).  In this case, Petitioner waited over eight years to file his federal petition.  Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

Signed this 9th day of May, 2011.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

# INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).